# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**Civil No. 15-3272 (JRT/SER)**

PROGRESSIVE PREFERRED
INSURANCE COMPANY,

                Plaintiff,

v.

PAULINE L. REAGOR and
ROLAYNE RENSTROM,

                Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*          **MEMORANDUM OPINION AND ORDER**

**Civil No. 15-4590 (JRT/JSM)**

METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY,

                Plaintiff,

v.

PAULINE L. REAGOR and
ROLAYNE RENSTROM,

                Defendants.

      Stephen M. Warner, **ARTHUR, CHAPMAN, KETTERING, SMETAK & PIKALA P.A.**, 500 Young Quinlan Building, 81 South Ninth Street, Minneapolis, MN  55402, for plaintiff Progressive Preferred Insurance Company.

      Timothy J. O'Connor, **LIND JENSEN SULLIVAN & PETERSON, PA**, 901 Marquette Avenue South, Suite 1300, Minneapolis, MN  55402, for plaintiff Metropolitan Property and Casualty Insurance Company.

      J. Drew Ryberg, **RYBERG LAW FIRM, S.C.**, 200 Riverfront Terrance, Suite 100, P.O. Box 1999, Eau Claire, WI  54702, for defendant Pauline L. Reagor.

Mark J. Gherty, **GHERTY & GHERTY**, 328 Vine Street, Hudson, WI 54016, and Thomas Guelzow, **GUELZOW LAW OFFICES, LTD.**, 310 Pinnacle Way, Suite 201, Eau Claire, WI  54701, for Defendant Rolayne Renstrom.

These motions present questions of abstention and federalism in the context of actions brought pursuant to the Declaratory Judgment Act.  Plaintiff insurance companies seek declaratory judgments stating their rights and liabilities with respect to an accident involving Defendants Pauline Reagor and Rolayne Renstrom.  But Renstrom has also filed a highly similar action in Wisconsin state court.  In circumstances like these, where parallel state and federal cases are pending, and the federal case involves questions of state law and a request for a declaratory judgment, federal courts typically dismiss or stay the federal action due to concerns of federalism and judicial economy.  The wrinkle in this case, however, is that the state court has stayed its case to wait for this Court to act.  Nonetheless, the Court finds that the policies counseling in favor of abstention in similar circumstances ring true in this case too, in spite of the state court stay.  The Court will therefore consolidate the Plaintiffs' respective cases and stay them both while the state court case is pending.

## BACKGROUND

Reagor is partial owner of a cabin in Medford, Wisconsin, and hosted Renstrom at the cabin in November 2013.  On November 3, Reagor, Renstrom, and another guest were using a mechanical log-splitter on Reagor's property and Renstrom sustained a serious injury to her right hand.  Renstrom made a demand to Reagor for damages arising

from the incident. Reagor is insured by policies issued by Progressive and Metropolitan, as well as another insurer, Little Black Insurance Company.

These incidents then spawned three court actions: On August 13, 2015, Progressive filed a complaint with this Court requesting a declaratory judgment stating the parties' respective rights, duties, and obligations under Progressive's policy with Reagor. On October 1, 2015, Renstrom filed a complaint in Dunn County Circuit Court in Wisconsin, naming Progressive, Metropolitan, Little Black, and three other businesses as defendants. Renstrom's state court complaint did not name Reagor as a defendant, but instead sought to again determine the extent of the various parties' coverage. And on December 30, 2015, Metropolitan filed its own complaint with this Court, naming Reagor and Renstrom as defendants and requesting a declaratory judgment, just as Progressive did.

Reagor and Renstrom then filed motions with this Court to dismiss Progressive and Metropolitan's federal complaints or, in the alternative, to consolidate the two cases. On February 10, 2016, a Wisconsin state court judge issued an order staying Renstrom's state court case "pending resolution of the declaratory judgment action commenced in the United States District Court for the District of Minnesota." (Aff. of Timothy J. O'Connor, Ex. 1, Apr. 7, 2016, Case No. 15-4590, Docket No. 32.)

## ANALYSIS

I. **ABSTENTION**

   A. *Brillhart* **Abstention**

Reagor and Renstrom invoke *Brillhart v. Excess Insurance Co.*, 316 U.S. 491 (1941), to argue that the Court should abstain from exercising jurisdiction over these cases.

Federal courts have a "virtually unflagging obligation" to decide cases within the scope of their jurisdiction. *Mata v. Lynch*, 135 S. Ct. 2150, 2156 (2015) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)); *see also Sprint Comm'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) ("In the main, federal courts are obliged to decide cases within the scope of federal jurisdiction."). The Supreme Court has, however, established certain exceptions to this general rule. *Sprint*, 134 S. Ct. at 589. *Brillhart* exemplifies one such exception: because of the text of the Declaratory Judgment Act, abstention is at times permissible for actions brought in pursuit of a declaratory judgment. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136 (2007). "The Declaratory Judgment Act provides that a court '**may** declare the rights and other legal relations of any interested party,' not that it **must** do so." *Id.* (quoting 28 U.S.C. § 2201(a)). This statutory grant of authority has "long been understood 'to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.'" *Id.* (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)).

Accordingly, federal courts possess broad discretion to abstain from exercising jurisdiction over declaratory judgment lawsuits. *See Wilton*, 515 U.S. at 289 (stating district court *Brillhart* abstention decisions are reviewed only for abuse of discretion).

And where there exists a "parallel" state court action to the federal declaratory judgment action, and the federal case involves questions of state law, the district court's discretion is at its peak due to principles of federalism and comity.  *See Lexington Ins. Co. v. Integrity Land Title Co.*, 721 F.3d 958, 967-68 (8th Cir. 2013) (detailing the difference in court discretion when there is a parallel state court proceeding).  When deciding whether to abstain, the Court must consider principles of judicial economy, *Brillhart*, 316 U.S. at 495, "practicality and wise judicial administration," *Wilton*, 515 U.S. at 288, "the desirability of avoiding piecemeal litigation," *Colo. River*, 424 U.S. at 818 (citing *Brillhart*, 316 U.S. at 495), and the Court must avoid "[g]ratuitous interference" with state proceedings, *Brillhart*, 316 U.S. at 495.

While the decision to abstain is a matter of discretion, it is of course possible for a court to abuse that discretion.  For example, in certain instances a court may abuse its discretion if it chooses to move forward and hear a declaratory judgment lawsuit involving disputed state law when a parallel state court proceeding is pending.  The Eighth Circuit reversed a district court for doing just that in *Capital Indemnification Corp. v. Haverfield*, where the district court chose to decide disputed questions of Missouri law rather than allow the state court to resolve those questions itself in a parallel proceeding already pending.  218 F.3d 872, 875 (8th Cir. 2000).  And as mentioned briefly above, the Supreme Court has "indicated that, at least where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference' if it permitted the federal declaratory action to proceed." *Wilton*, 515 U.S. at 283 (alteration in original) (quoting *Brillhart*, 316 U.S. at 495).  In these instances,

"[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed." *Brillhart*, 316 U.S. at 495.[1]

---

[1] Plaintiffs argue that the Court should apply a different rule of law – that the Court should hear the first case filed and abstain from hearing the rest. Plaintiffs rely on *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002 (8th Cir. 1993). In that case, the Eighth Circuit reviewed the "firmly established" "discretionary power" of a federal court to enjoin the parties of a case from proceeding in litigation in later-filed actions in "another **federal** court." *Id.* at 1004 (emphasis added). The Eighth Circuit held that in those instances, the district court presiding over the first-filed action should issue such an injunction unless there are "compelling circumstances" counseling to the contrary. *Id.* at 1004-05 (quoting *U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488-89 (8th Cir. 1990)).

There are at least two strong reasons why this rule does not apply here. First, *Northwest* is a case about the administration of justice within the federal courts, not abstention from federal jurisdiction altogether. It involves one federal court's injunction of parties from litigating in other federal courts, not a federal court's abstention from exercising jurisdiction while another court hears the case. Indeed, the word "abstention" appears nowhere in the court's opinion in *Northwest*, and the *Northwest* court relied on the federal courts' "policy against multiplicity of litigation embodied in [Federal Rule of Procedure 13(a)]." *Id.* at 1004 (alteration in original) (quoting 6 Charles A. Wright, et al., *Federal Practice and Procedure* § 1418, at 145-46 (2d ed. 1990). *Northwest* is a case about the administration of the federal courts' docket, not about a federal court's ability to decline jurisdiction.

Additionally, *Northwest* is a 1993 case, and the Supreme Court in 1995 explicitly rejected replacing the rule in *Brillhart* with a rule similar to *Northwest*'s. As mentioned above, *Brillhart* indicated that a district court might commit "[g]ratuitous interference" with the states if the district court were to permit a federal declaratory action to proceed while a parallel state court case was pending. 316 U.S. at 495. In the decades that followed *Brillhart*, a number of tangentially-related Supreme Court decisions put *Brillhart*'s holding and rationale in question, and several of circuits went on record to question whether the case had been abrogated. *Wilton*, 515 U.S. at 281. The Supreme Court granted certiorari in *Wilton* to clear up that confusion, and one of the parties argued to the Supreme Court that *Brillhart*'s rule had been or should be replaced with the rule in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), where the Supreme Court permitted, in a different context, abstention only in "exceptional circumstances." *Id.* at 281, 287-90. That "exceptional circumstances" test is nearly identical to the "compelling circumstances" test that Plaintiffs urge on the Court now. But the Supreme Court in *Wilton* rejected the argument that *Brillhart*'s permissive standard should be replaced with the "exceptional circumstances" test. The Court reasoned that the Declaratory Judgment Act's text makes actions brought under the Act's terms unique: "we conclude that *Brillhart* . . . governs." *Id.* at 290.

Accordingly, the Court rejects Plaintiffs' argument that the proper standard for this case is the "compelling circumstances" test found in *Northwest Airlines*.

- 6 -

Here, these cases are precisely the type for which *Brillhart* abstention is warranted: Progressive and Metropolitan each request declaratory judgments, the Wisconsin case is a parallel state court proceeding also involving the incident at Reagor's cabin and Reagor's insurance policies, and the parties all appear to agree that the substantive law at issue is state law – Wisconsin tort law, Wisconsin choice-of-law principles, and either Wisconsin or Minnesota contract law. Additionally, Renstrom's Wisconsin court case contains four additional parties not named as party to either of the federal actions before this Court.

The lone factor cutting against abstention in this case is the state court's stay of the state court proceedings. Unfortunately, the state court's written order staying the case provided no reasoning. At the hearing before this Court, the parties indicated that the state case was stayed because Progressive's federal action was filed prior to the Renstrom's Wisconsin case, and that there were already motions pending in the federal case. But while the stay of the state court case does reduce the likelihood of duplicative litigation, it may only do so in the short term. For example, if the Court were to move ahead with the federal cases while the state court case is stayed, it is possible if not likely that the Court might only determine Progressive's responsibility as the excess insurer, or only Progressive and Metropolitan's responsibilities, and in those cases litigation somewhere would still be necessary to resolve, for example, Little Black's obligations, as well as those of Blue Cross – another party in the Wisconsin action not present here. This type of "piecemeal litigation" is exactly the type the Court can and must seek to avoid. The state court's stay therefore does not do away with the Court's concerns for judicial economy.

All of this is not to mention that contract law, tort law, and choice of law principles are the traditional province of the states, a fact that counsels the Court to refrain from unnecessarily deciding questions of state law. In their briefs to the Court, for example, the parties have already begun to battle over the application of Wisconsin law to the facts of this case. While the Court is more than capable of deciding these questions, because the Declaratory Judgment Act permits this Court to defer to the state court, the Court finds that such deference is warranted here.

> B. **The Appropriate Court Order**

When a court is presented with a declaratory judgment lawsuit while a parallel state court action is pending, the court may either decline to exercise jurisdiction and dismiss the case, or the court may stay the federal proceeding until the state court action has been resolved. *Wilton*, 515 U.S. at 288. According to the Supreme Court, "a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Id.* at 288 n.2; *see also Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 797-98 (8th Cir. 2008) (affirming district court's decision under *Brillhart* to abstain but vacating dismissal and remanding for entry of a stay, because a stay was the better decision).

Here, the parties have presented no reason why dismissal is preferable to a stay in the federal actions. The Plaintiffs have also voiced no opposition to these cases being consolidated if Reagor and Renstrom's motions to dismiss are denied. Therefore, and in

light of the Supreme Court's stated preference for a stay, the Court will consolidate the cases and stay them until the Wisconsin state court case is resolved.

## II.   RIPENESS

Reagor and Renstrom argue in the alternative that the Court should dismiss this case under Rule 12(b)(1) because the cases are not ripe, and the Court therefore lacks subject matter jurisdiction. A court's ripeness inquiry requires examination of two factors: the "fitness of the issues of judicial decision," and "the hardship to the parties of withholding court consideration." *Parrish v. Dayton*, 761 F.3d 873, 875 (8th Cir. 2014) (quoting *Neb. Pub. Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1038 (8th Cir. 2000)). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.* at 875-76 (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)). But if an injury is "certainly impending, that is enough" to show that a claim is ripe. *Id.* at 876 (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)).

Here, Reagor and Renstrom argue Plaintiffs' cases are not ripe because it is unclear if and to what degree Reagor is liable for Renstrom's injury; according to Reagor and Renstrom, Plaintiffs' cases cannot be ripe until it has been determined who was negligent for what. But this argument confuses the parties' disagreement about what the past-facts are for a need that further happenings take place. In other words, Plaintiffs' claims are ripe even though it remains unclear who was negligent; Reagor and Renstrom cannot invoke the ripeness doctrine just because the parties cannot yet agree what exactly happened on November 3, 2013, the date of the accident. The Court acknowledges that if

the facts are found one way or another, some of the parties' claims may be resolved or precluded, but that is not a ripeness problem; it is simply the nature of litigation.

**ORDER**

Based on the foregoing, and the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Reagor and Renstrom's respective Motions to Dismiss [Case No. 15-3272, Docket Nos. 17, 42; Case No. 15-4590, Docket Nos. 16, 22, 34] are **DENIED**.

2. Defendant Renstrom's Motions to Consolidate Cases [Case No. 15-3272, Docket No. 29; Case No. 15-4590, Docket No. 12] are **GRANTED.**

3. Case Nos. 15-3272 and 15-4590, now consolidated, are **STAYED** until the resolution of the relevant state court proceeding in Wisconsin.

DATED:  May 17, 2016                  ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                JOHN R. TUNHEIM
                                                                  Chief Judge
                                                      United States District Court